# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 25-0239V

| | |
|---|---|
| NAKIA PAYTON,<br><br>            Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>            Respondent. | Chief Special Master Corcoran<br><br>Filed: October 3, 2025 |

*Paul R. Brazil*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Sara DeStefano*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON DAMAGES[1]

On February 10, 2025, Nakia Payton filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a right shoulder injury related to vaccine administration ("SIRVA") as the result of a tetanus-diphtheria-acellular pertussis vaccination received on February 19, 2024. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 9, 2025, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On October 3, 2025, Respondent filed a Proffer on award of compensation ("Proffer"). Respondent represented that Petitioner agrees with

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

the proffered award. *Id.* at 1 – 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached proffer, **Petitioner is awarded a lump sum of $36,650.00 (representing $36,500.00 for pain and suffering, and $150.00 for past unreimbursable expenses) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a). Proffer at 2.

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| NAKIA PAYTON,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | No. 25-239V<br>Chief Special Master Corcoran<br>ECF |

**PROFFER ON AWARD OF COMPENSATION**[1]

On February 10, 2025, Nakia Payton ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she sustained a right shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3, following receipt of a tetanus, diphtheria, and pertussis ("Tdap") vaccination administered on February 19, 2024. Petition at 1, 3; Exhibit ("Ex.") 1 at 1.

On September 8, 2025, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report concluding that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on September 9, 2025, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 16.

**I.     Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

the following:

    A.    <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded **$36,500.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    B.    <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$150.00**. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.**    **Form of the Award/Recommended Payment**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below and request that the Chief Special Master's decision and the Court's judgment award the following[2]:

A lump sum payment of **$36,650.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Nakia Payton.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

    Respectfully submitted,

    BRETT A. SHUMATE
    Assistant Attorney General

    C. SALVATORE D'ALESSIO
    Director
    Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

3

        HEATHER L. PEARLMAN
        Deputy Director
        Torts Branch, Civil Division

        GABRIELLE M. FIELDING
        Assistant Director
        Torts Branch, Civil Division

        /s/ *Sara DeStefano*
        SARA DESTEFANO
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146 Benjamin Franklin Station
        Washington D.C. 20044-0146
        Tel: (202) 307-6545
        E-mail: sara.destefano@usdoj.gov

DATED: October 3, 2025